**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| STEVEN MIDDLETON, | ) |
| | ) |
| Plaintiff, | )  **Civil Action No.** |
| | ) |
| v. | ) |
| | ) |
| ACADEMY COLLECTION | ) |
| SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |
| | ) |

## COMPLAINT

### PRELIMINARY STATEMENT

1.     This is an action for damages brought by an individual consumer against Defendant, Academy Collection Service, Inc., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq.  ("FDCPA"). The FDCPA laws prohibit debt collectors from engaging in abusive, deceptive, and unfair collection practices.

### JURISDICTION & VENUE

2.     Jurisdiction of this Court arises under 15 U.S.C.  §  1692k(d), 28 U.S.C. § 1331, 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### PARTIES

4.     Plaintiff Steven Middleton is an adult individual residing at 1926 North 90 West, Orem, Utah 84057.

5.     Defendant Academy Collection Service, Inc. is a business entity regularly engaged in the business of collecting debts with its principal place of business located at 10965

Decatur Road, Philadelphia, PA 19154 . The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTUAL ALLEGATIONS

6.      At all pertinent times hereto, Defendant was hired to collect a debt relating to a Citibank credit card account formerly held by Plaintiff (hereafter the "debt").

7.      The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes.

8.      On or about December 24, 2009, Defendants contacted Plaintiff by telephone at 7:38 A.M. At this time, Plaintiff spoke to Defendant's representative and told him that he lived Utah and the present time in Utah.  Plaintiff further told Defendant's representative not to call him at said time in the future.

9.      Notwithstanding the above, on or about December 26, 2009, Defendant called Plaintiff four (4) times at 6:02 A.M., 6:07 A.M., 6:08 A.M. and 6:18 A.M.  At this time, Plaintiff again spoke to Defendant's representative told him that he lived in Utah and the present time in Utah.   Plaintiff again told Defendant's representative not to call him at said time in the future.

10.      Notwithstanding the above, on or about January 9, 2009, Defendant called Plaintiff at 6:16 A.M. At this time, Plaintiff for a third time spoke to Defendant's representative told him that he lived Utah and the present time in Utah. Plaintiff also for a third time was forced to tell Defendant's representative not to call him at said time in the future.

11.      During the communications identified above, Defendant's representatives additionally made false threats and harassing statements to Plaintiff including but not limited to:

(a)      Telling  Plaintiff that he was "stealing;"

2

      (b)     Telling Plaintiff that he "wouldn't qualify for bankruptcy;"

      (c)     Telling Plaintiff that Defendant was going to "sue" Plaintiff when Defendant had no intention of doing so and to date has taken no legal action against Plaintiff; and

      (d)     Yelling at Plaintiff in a threatening tones.

12.     Defendant acted in a false, deceptive, misleading and unfair manner by contacting Plaintiff repeatedly at inconvenient times with the intent to annoy and harass Plaintiff.

13.     Defendant acted in a false, deceptive, misleading and unfair manner by falsely representing that Plaintiff committed a crime.

14.     Defendant acted in a false, deceptive, misleading and unfair manner by threatening to sue Plaintiff without any intention to do so.

15.     Defendant acted in a false, deceptive, misleading and unfair manner by making false representation about Plaintiff's ability to declare bankruptcy.

16.     Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with said laws.

17.     At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

18.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

19.     As a result of Defendant's conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish, embarrassment, humiliation, damage to reputation and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to his great detriment and loss.

## COUNT I
## VIOLATIONS OF THE FDCPA

20.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

21.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

22.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

23.     The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

24.     Defendant violated the FDCPA.   Defendant's violations include, but are not limited to, violations of 15 U.S.C. §§ 1692c(a)(1), 1692d, 1692(d)(5), 1692e, 1692e(5), 1692e(7) 1692e(10), and 1692f  as evidenced by the following conduct:

    (a)     Repeatedly communicating with Plaintiff at inconvenient times;

    (b)     Engaging in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt;

    (c)     Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number;

    (d)     Threatening to take legal action with no intention to do so;

4

> (e)   Falsely representing that Plaintiff committed a crime; and
>
> (f)   Otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect the alleged debt from the Plaintiff.

25.   Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of coercing Plaintiff to pay the alleged debt.

26.   As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff in the sum of Plaintiff's statutory damages, actual damages and attorney's fees and costs.

**COUNT II**
**INVASION OF PRIVACY / INTRUSION UPON SECLUSION**

27.   Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.   Defendant's above actions violated Plaintiff's right of privacy by impermissibly and intentionally intruding upon the solitude and seclusion of Plaintiff's home .

29.   Defendant's repeated unauthorized telephone calls to Plaintiff's home in the early morning were of a substantial nature and would be highly offensive to a reasonable person.

30.   By invading Plaintiff's right to privacy, Defendant destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

31.   The conduct of  Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result Defendant is liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees; and

(e)     Such other and further relief as may be just and proper.


RESPECTFULLY SUBMITTED,

**FRANCIS & MAILMAN, P.C**.


BY:     */s/ Mark D. Mailman*
        MARK D. MAILMAN, ESQ.
        GREGORY J. GORSKI, ESQ.
        Land Title Building, 19th Floor
        100 South Broad Street
        Philadelphia, PA 19110
        (215) 735-8600

        Attorneys for Plaintiff


DATE: March 4, 2009